UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


**BRUCE BECKER,**

   *Plaintiff*,

v.                                                                Case No.  SA-20-CV-01000-JKP

**US DEPARTMENT OF VETERANS AFFAIRS, DR. PAUL S. CRANDALL, VA STAFF DOCTOR; EVA R. LEYVA, VA MEDICAL STAFF; DR. RICHARD L. GEIGER, VA STAFF DOCTOR; CHAD BLAKE HODGES, VA MEDICAL STAFF; DR. DAVID J. ALTMAN, VA CONTRACT; DR. BAYLAN SALVADOR, VA STAFF DOCTOR; DR. ANDREW E. AUBER, VA STAFF DOCTOR; DR. JODI MCLEAN, VA CONTRACT; DR. MARK J. SHAPIRO, VA STAFF DOCTOR; DR. GORDANA GLIGORIC, VA STAFF DOCTOR; DR. CARLOS BAZAN, VA STAFF DOCTOR; DASHARTHA HARSEWAK, VA STAFF DOCTOR; AND DR. JAMES PRIDGEN,**

   *Defendants*.


## MEMORANDUM OPINION AND ORDER

This matter comes before this Court upon *sua sponte* review of subject matter jurisdiction. Upon such review, this Court concludes it does not hold subject matter jurisdiction, and therefore, the case is DISMISSED WITH PREJUDICE.

## FACTS

On August 24, 2020, Plaintiff Bruce Becker sued the U.S. Department of Veterans Affairs and 13 of its physicians for violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. Becker alleged the named Defendants negligently failed to diagnose him with certain medical conditions. *See ECF No. 1*. The assigned Magistrate Judge issued a Show Cause Order on February 10, 2021, ordering Becker to file an Amended Complaint against the United States, the only proper Defendant party under the FTCA. *Id.* The Court also ordered Becker to timely serve the United States and file a proof of service in accordance with Federal Rule of Civil Procedure 4(l). *Id.* The Court admonished Becker that failure to comply with the Show Cause Order would result in dismissal for lack of subject matter jurisdiction, and the action could be dismissed for failure to comply with Federal Rule 4(m) and a Court Order. *Id.; see also* Fed. R. Civ. P. 41(b).

Becker filed an Amended Complaint on April 28, 2021.[1] *ECF No. 9*. In it, Becker, again, named the U.S. Department of Veterans Affairs and 13 physicians as Defendants, not the United States. *Id.* Contemporaneous with the filing of his Amended Complaint, Becker filed a document entitled "Memorandum in Support of Second Amended Tort." *ECF No. 10*. In his Memorandum, Becker argued the "parties listed in the complaint are the same parties who rendered some level of Medical Treatment to the Plaintiff 'Many year[s] ago' therefore, he would not be able to successfully serve a copy of the complaint to each individual party with a proof of service." *Id.*

The Magistrate Judge issued a second Show Cause Order on May 11, 2021. *ECF No. 13*. The Magistrate Judge explained Becker failed to name the United States as the proper Defendant and failed to explain why the named Defendants are proper parties to this action. After explain-

---

[1] Although the Court originally ordered Becker to accomplish these actions within 30 days, the Court subsequently extended the deadline at Becker's request. *See March 23, 2021 text order*.

ing these continued deficiencies, the Magistrate Judge ordered Becker to show cause why this case shouldn't be dismissed for lack of subject matter jurisdiction and for failure to both timely and properly serve the correct defendants in accordance with Rule 4(m) and to comply with a Court order. Alternatively, the Magistrate Judge allowed Becker another opportunity to cure the deficiencies outlined by filing an Amended Complaint against the United States and timely and properly effecting service against the United States. The Magistrate Judge admonished Becker that failure to sufficiently show cause in accordance with the Show Cause Order would result in dismissal for lack of subject matter jurisdiction, and alternatively, for failure to comply with Federal Rule of Civil Procedure 4 and a Court Order.

After an extension of time, Becker filed a response to the Show Cause Order on July 9, 2021. *ECF No. 20.* Becker attached to the Response a Third Amended Complaint, although he did not file the complaint. This Court reviews the Response to the Magistrate Judge's Show Cause Order and the attached Third Amended Complaint, although the Court recognizes the attachment is not a properly filed pleading.

In the properly filed and last live pleading, the Second Amend Complaint, Becker names Defendants as the U.S. Department of Veterans Affairs and 13 physicians. *ECF No. 9.* In the Third Amended Complaint attached to the Response, Becker added the United States as a defendant, naming Defendants as "United States of America et. al." *ECF No. 20, Exh. A.* Although ambiguous as titled, the text of the Third Amended Complaint and the Response reveal Becker names the United States as a party in the style of the case, only, but still intends to sue the U.S. Department of Veterans Affairs and 13 of its physicians who Becker named in his original complaint. *Id. at p. 12*. Becker alleges the FTCA "makes clear that, at a minimum, a Plaintiff may bring medical malpractice and negligence claims against a 'health care employee' of the VA un-

3

der the FTCA." *ECF No. 20, Exh. A at p. 20*. Becker insists the prior named Defendants are proper parties. *Id. at p. 9*.

The FTCA vests the district courts with "exclusive jurisdiction of civil actions on claims against the United States for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b) (1982). Consequently, suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees, and the United States, not the responsible agency or employee, is the proper party defendant in a FTCA-violation suit. *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988); 28 U.S.C. § 2679(a) (1982).

Based upon this specific directive, Becker cannot sue the U.S. Department of Veterans Affairs and 13 physicians for violations of the FTCA. Because the Magistrate Judge allowed Becker ample opportunity to cure this jurisdictional defect, and he did not, this Court must dismiss this suit for lack of subject matter jurisdiction. *See Galvin*, 860 F.2d at 183.

The Clerk is directed to close the case.

It is so ORDERED.
SIGNED this 17th day of August, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE